**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6136**

_____

ADRIAN RASHAUN ANDERSON, a/k/a Duke,

        Defendant - Appellant,

    v.

UNITED STATES OF AMERICA,

        Plaintiff - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:17-cr-00111-BO-2; 5:22-cv-00131-BO)

_____

Submitted:  June 15, 2023                                    Decided:  June 21, 2023

_____

Before DIAZ, RICHARDSON, and HEYTENS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Adrian Rashaun Anderson, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Rashaun Anderson seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2255 motion. *See Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc) (explaining that § 2255 motions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2255(f)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Anderson has not made the requisite showing.* Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions

---

* The district court found that the 90-day deadline for filing a petition for certiorari expired on August 25, 2020, and therefore determined that Anderson had until August 25, 2021, to timely file his § 2255 motion. In fact, Anderson had until October 25, 2021, to timely file his motion, as the Supreme Court had extended the 90-day deadline for filing certiorari petitions to 150 days to account for the COVID-19 pandemic. Nonetheless, because Anderson filed his § 2255 motion five months after the extended statute of limitations expired, the district court's dismissal of Anderson's motion as untimely is not debatable.

2

are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*